IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLYNN, | No. 2:14-CV-0909-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| DANIEL PARAMO, | |
| Respondent. | |
| _____ / | |

  Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are: (1) respondent's motion to dismiss the petition as unexhausted; and (2) petitioner's motion for an order staying the matter and holding further consideration of the petition in abeyance pending exhaustion in state court.

  Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of

1

exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

      In this case, it is undisputed that petitioner's petition contains both exhausted and unexhausted claims. The question becomes whether a stay is appropriate. When, as in this case, a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. In this case, petitioner specifically seeks a stay under Rhines.

      Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277.

///

///

///

In his motion for a stay, petitioner states that he has no knowledge of the legal process and that he has been transferred to a prison hundreds of miles from his prisoner legal assistant.  The court agrees with respondent that this fails to establish good cause under Rhines.  Specifically, petitioner has not offered any explanation for his failure to present all the claims he now raises in the instant federal petition to the state courts earlier.  While petitioner claims that he is ignorant of the law and, presumably, that this is the reason he could not file in state court earlier, petitioner has not stated what efforts he took to prepare his state court petition, what efforts he made to obtain counsel, or otherwise shown how his lack of knowledge of the legal process impacted his ability to present all his claims in state court prior to filing his federal petition.

Petitioner will be provided an opportunity to proceed on his exhausted claims by filing an amended petition deleting all unexhausted claims.  If petitioner does not do so within the time provided, the original petition will be dismissed without prejudice as unexhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 10) is granted;

2. Petitioner's motion for a stay (Doc. 13) is denied:

3. Petitioner's petition for a writ of habeas corpus is dismissed with leave to file an amended petition containing only exhausted claims; and

4. Petitioner shall file an amended petition within 30 days of the date of this order.

DATED:  November 5, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE